UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID SANCHEZ,<br><br>      Petitioner,<br><br>vs.<br><br>SUSAN CONNELL,[1] Superintendent,<br>Oneida Correctional Facility,<br><br>      Respondent. | No. 9:06-cv-01416-JKS<br><br>MEMORANDUM DECISION |

  Petitioner David Sanchez, a state prisoner proceeding *pro se*, filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  Sanchez is currently in the custody of the New York Department of Correctional Services, incarcerated at the Oneida Correctional Facility. Respondent has answered, to which Sanchez has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

  Sanchez was convicted on September 16, 2005, in the Ulster County Court, upon a guilty plea, of one count of Sexual Abuse in the First Degree (New York Penal Law § 130.65(2)).  The Ulster County Court sentenced Sanchez to a determinate term of five years' imprisonment followed by three years of supervised release.  Sanchez did not appeal his conviction.

  On January 19, 2006, Sanchez filed a motion to vacate his conviction under New York Criminal Procedure Law § 440.10 in the Ulster County Court, which motion was denied in a reasoned decision on March 30, 2006.  The Appellate Division, Third Department, denied leave to appeal on June 7, 2006, without opinion or citation to authority.  The Court of Appeals denied Sanchez's application for a certificate of appeal on September 1, 2006, as unappealable, and denied reconsideration on October 30, 2006.  Sanchez timely filed his petition in this Court on November 24, 2006, and his amended petition on February 6, 2007.

---

  [1] Susan Connell, Superintendent, Oneida Correctional Facility is substituted for Leo Payant, Superintendent, Mohawk Correctional Facility.  Fed. R. Civ. P. 25(d).

## II.  GROUNDS RAISED/DEFENSES

In his amended petition Sanchez raises two grounds:  (1) he was denied effective assistance of counsel in that counsel at both the preliminary hearing and at the time of entering his plea; and (2) fraud and lack of full disclosure of documents, exhibits, and testimony.[2]  In his traverse Sanchez raises an additional point: that the felony complaint was defective in that it did not meet the requirements of New York law.  Therefore, Sanchez contends, counsel was ineffective in failing to move for its dismissal on that ground.

Respondent asserts that Sanchez's second claim, fraud and failure to disclose, is unexhausted and procedurally defaulted.  Respondent does not assert any other affirmative defense.[3]

Sanchez requests this Court dismiss the indictment and order him released from prison.  That relief this Court cannot grant.  This Court can only direct the Ulster County Court to vacate the guilty plea upon which the conviction was based; however, that would not preclude the State from further prosecution of the charges.

## III.  STANDARD OF REVIEW

Because Sanchez filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[5]  Thus, where holdings of the

---

[2] The second ground was raised for the first time in the amended petition.

[3] *See* Rules—Section 2254 Cases, Rule 5(b).

[4] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[5] *Williams*, 529 U.S. at 412.

Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[6] When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect or erroneous."[7] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[8] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[9]

In applying this standard, this Court reviews the last reasoned decision by the state court.[10] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[11]

To the extent that Sanchez raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law.[12] A federal court must accept that state courts correctly applied state laws.[13] A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due

---

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[8] *Schriro v. Landrigan*, 550 U.S. 465, ___, 127 S. Ct. 1933, 1939 (2007).

[9] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[10] *Ylst v. Nunnemaker*, 501 U.S. 797, 504 (1991).

[11] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[12] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[13] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

process.[14]  A federal court may not issue a habeas writ based upon a perceived error of state law unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[15]

## IV.  DISCUSSION

The facts of this case are well known to the parties and are repeated here in abbreviated form only to the extent necessary to enable the parties to understand the decision of this Court. Sanchez was charged in a felony complaint of Rape in the First Degree (New York Penal Law § 130.35(4)), Sexual Abuse in the First Degree (New York Penal Law § 130.65(2), and Endangering the Welfare of a Child (New York Penal Law § 260.10(1)).  A preliminary hearing was held in which the victim, T.M., testified.  At the end of the hearing, the court found reasonable cause to believe that Sanchez had committed a felony, and ordered petitioner held for action by the Ulster County Grand Jury.  Sanchez subsequently waived his right to be tried by an indictment, and he was charged by an information.

At the time the plea was taken, the court noted that, although there had been a previous offer to plead guilty to first-degree rape, the offer had now been changed to plead guilty to first-degree sexual abuse in exchange for five years in prison as a second felony offender, plus three years' post-release supervision and registration under the Sex Offender Registration Act.  The plea satisfied all pending charges in the Superior Court Information, as well as a new unindicted second-degree assault charge from the City of Kingston in which Sanchez had allegedly assaulted an inmate in the Ulster County Jail.

Sanchez signed waivers of indictment and of his right to appeal, confirmed to the court that he had signed both waivers voluntarily, had discussed them with his counsel before signing them, and had no questions about the consequences of signing these waivers.  The waiver of indictment stated that he (Sanchez) was aware that, while he had the right to be prosecuted by a grand jury indictment, he was waiving this right and consenting to be prosecuted by a Superior Court Information, which he knew had the same effect as an indictment.  The waiver of his right

---

[14] *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002).

[15] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

to appeal stated that he was knowingly and intentionally waiving his right to appeal as a condition of his guilty plea, that he had sufficient time to discuss the waiver with counsel, that he was "not under any disabilities," and that he was doing so "of [his] own free will, without any threats, duress or coercion on the part of anyone." The County Court approved these waivers.

Sanchez entered a plea of guilty to the first-degree sexual abuse charge contained in the Superior Court Information,[16] and stated he was pleading guilty of his own free will and had discussed the plea with counsel. Sanchez further acknowledged that he was entitled to a trial, and that by pleading guilty he was waiving his right to a jury trial. Sanchez also admitted that he subjected twelve-year-old T.M. to sexual contact when that person was incapable of consent by being physically helpless.[17] Sanchez signified that he had discussed the plea with his counsel and that, by pleading guilty, he would be sentenced to five years in prison plus three years' post-release supervision. Sanchez affirmed that no one had made any other sentencing promises to him, he understood that he would be required to register as a sex offender and he understood the sex offender requirements, the sentence he would receive by pleading guilty, and that he still wanted to plead guilty. The County Court accepted Sanchez's plea.

Ground 1: Ineffective Assistance of Counsel.

Sanchez argues that pre-trial counsel was ineffective in failing to move (1) for dismissal at the conclusion of the preliminary hearing for lack of evidence and (2) to dismiss the felony complaint on the grounds it was defective. Sanchez further argues that counsel who represented him at the plea hearing was ineffective in advising him to waive indictment and plea guilty, and not waiting until the indictment was handed down at which time a motion to dismiss the indictment for lack of evidence, *i.e.*, no "prompt outcry," evidence corroborating the unsworn

---

[16] "A person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact: * * * *; 2. When the other person is incapable of consent by reason of being physically helpless." N.Y. Pen. Law § 130.65(2). "'Sexual contact' means any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing." N.Y. Pen. Law § 130.00(3)

[17] Although Sanchez now asserts that he is innocent, nowhere has he recanted this admission.

testimony of the victim, and that he had an intent to obtain sexual gratification. In rejecting Sanchez's arguments the Ulster County Court held:

> The defendant's sole argument on his application is that he was denied effective assistance of counsel by the attorney who represented him at the preliminary hearing and at the time of his plea respectively.
>
> The preliminary hearing was held before the Town Court of the Town of Plattekill on May 25, 2005. The defendant claims that he was denied effective assistance of counsel because his attorney at the time, Assistant Public Defender Denise, Dourdeville, Esq., failed to make a motion at the conclusion of the hearing.
>
> The transcript of the preliminary hearing reveals that Ms. Dourdeville argued that there was a lack of evidence to support felony offenses without specifically requesting dismissal. The testimony under oath of the thirteen-year old victim clearly supports the determination of the Town Court that there was a reasonable belief that the defendant committed the crimes for which he was charged, to wit: rape in the first degree, sexual abuse in the first degree and endangering the welfare of a child. The Town Court could not have reasonably granted a motion to dismiss in the face of the testimony of the victim.
>
> The defendant further alleges that his attorney at the time of his plea before this Court, Joseph O'Connor, Esq., was ineffective because he advised him to plead guilty to the sexual abuse in the first degree rather than go to trial. As a second felony offender, the defendant was facing a maximum sentence of twenty-five years in state prison on the top count of rape in the first degree and a consecutive sentence of up to seven years in state prison on an additional charge of assault in the second degree covered by the plea. Under the plea bargain, the defendant was sentenced by this Court on September 16, 2005, to a determinate term of incarceration of five years to be followed by a three year period of post-release supervision.
>
> The record herein clearly demonstrates that both Denise Dourdeville, Esq., and Joseph O'Connor, Esq., provided the defendant with meaningful representation meeting all constitutional requirements.

Under *Strickland v. Washington*,[18] to demonstrate ineffective assistance of counsel, Sanchez must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth

---

[18] 466 U.S. 668, 687 (1984).

Amendment.[19]  In *Hill v. Lockhart*,[20] the Supreme Court explained that a habeas petitioner must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.  *Strickland* and its progeny do not mandate this court act as a "Monday morning quarterback" in reviewing tactical decisions.  Indeed, the Supreme Court admonished in *Strickland*:[21]

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.

Respondent argues that the alleged ineffective assistance of counsel claims occurred prior to the entry of Sanchez's guilty plea.  Consequently, according to Respondent, review of these claims is foreclosed.  The Supreme Court directly addressed the subject, stating:[22]

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

---

[19] *Id.*

[20] 474 U.S. 52, 57 (1985).

[21] 466 U.S. at 689 (internal citations and quotation marks omitted).

[22] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"[23]  It is in that light that this Court must view each of Sanchez's claims.

Sanchez, however, faces a high hurdle in seeking to overturn a guilty plea on collateral review.  As the Supreme Court held in *Mabry v. Johnson*:[24]

> It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.  It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.  It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired.  *In Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), we stated the applicable standard:
>
> "'[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'"

Twenty years later the Court explained in *Iowa v. Tovar*:[25]

> This Court recently explained, in reversing a lower court determination that a guilty plea was not voluntary:  "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances- even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (emphasis in original).  We similarly observed in *Patterson:* "If [the defendant] . . . lacked a full and complete appreciation of all of the consequences flowing from his waiver, it does not defeat the State's showing that

---

[23] *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985), quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

[24]  467 U.S. 504, 508–09 (1984).

[25] 541 U.S. 77, 92 (2004).

the information it provided to him satisfied the constitutional minimum." 487 U.S. at 294, 108 S.Ct. 2389 (internal quotation marks omitted).

This Court must, therefore, analyze Sanchez's claims in that light, *i.e.*, the effect of counsel's performance on the voluntariness of the guilty plea. First, it must be noted that this matter did not go to trial; Sanchez entered a guilty plea. Accordingly, the only issue properly before this Court in this whether counsel was so ineffective in advising Sanchez to plead guilty that it rendered his plea unknowing, unintelligent and involuntary.

A.  **Failure to Move to Dismiss**.

Since these alleged deficiencies preceded entry of the guilty plea, federal habeas relief is precluded. Also, as the Ulster County Court noted, even though counsel who represented him at the preliminary hearing did not specifically move to dismiss the charges, any motion to dismiss at the conclusion of the preliminary hearing would have been doomed to failure. Where a motion would prove futile, counsel cannot be ineffective for not making it.

In his traverse Sanchez raises an additional point: that the felony complaint was defective in that it did not meet the requirements of New York law, *i.e.*, it was not properly signed, witnessed, notarized, date stamped, nor did it bear the County seal. Therefore, Sanchez argues, counsel was ineffective in failing to move for its dismissal on that ground at the preliminary hearing. Ordinarily, this Court does not reach issues raised for the first time in a traverse.[26] The Court also notes that the record before it does not contain a copy of the felony complaint nor would a copy have been necessarily required to respond to the issues raised in the petition. Even accepting as true Sanchez's assertion that the felony complaint was defective and addressing the issue on the merits, Sanchez would not prevail on the merits. Assuming counsel had successfully moved to dismiss it, this would not have necessarily changed the outcome. The State would have been entitled to simply cure the defects in the felony complaint, represent it to the grand jury and obtain a new indictment.[27]

---

[26] *See* Rules—Section 2254 Cases, Rule 2(c) (the petition must contain all grounds for relief available to petitioner); *see also Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (applying Rule 2(c) and the necessity for including all grounds in the petition).

[27] N.Y. Crim. Proc. Law. § 210.20[1](a), [4]; *see People v. Lopez*, 780 N.Y.S.2d 350, 352–53 (N.Y. App. Div. 2004), *aff'd* 831 N.E.2d 413 (N.Y. 2005).

B. **Waiver of Indictment**.

Sanchez contends that had counsel not advised him to waive indictment and waited for it to be returned, it could have been dismissed for lack of evidence, *i.e.*, no "prompt outcry" by the victim, no corroboration of the unsworn testimony of the victim,[28] nor evidence that his intent was to obtain sexual gratification. New York law specifically permits prosecution on an information where indictment by a grand jury is waived. What evidence the State may have presented to a grand jury or, for that matter at trial, is not part of the record before this Court. Consequently, Sanchez's arguments as to the potential for dismissing the indictment for lack of evidence is based upon pure conjecture and speculation.[29]

Sanchez, by entering a guilty plea, waived his right to trial and to confront the witnesses and test the admissibility and weight of the evidence against him. Counsel can hardly be faulted for failing to perform an act in circumstances such as in this case where any opportunity to perform that act was foreclosed by the entry of a guilty plea and only through speculation and conjecture can one ascertain what might have been the result if counsel had performed as Sanchez now contends he should have. Consequently, Sanchez has failed to meet either prong of the *Strickland* test.

C. **Voluntariness of Plea**.

Sanchez admitted he was guilty of first-degree sexual abuse. Sanchez was fully advised at the time of his plea of the nature of the charges and those rights he was waiving by entering a guilty plea. He denied any coercion, or that any promises had been made to him other than those stated in open court in his presence, and stated that he was entering the plea of his own free will. Under the facts and circumstances of this case, this Court cannot say that a determination that the

---

[28] The assertion that the testimony of the victim was "unsworn" is belied by the record, which shows that the victim was sworn at the preliminary hearing and testified as to her ability to understand the requirements of her oath to testify truthfully.

[29] The authorities Sanchez rely on pertain to convictions, not the standards required at a preliminary hearing or for a New York grand jury to return an indictment. The evidence and quantum of proof required to sustain going forward after a preliminary hearing or to support an indictment based upon "probable cause to believe" are substantially less than that required to support a conviction after trial, "beyond a reasonable doubt."

plea was freely and voluntarily given was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[30]  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Sanchez's case within the scope of *Schriro-Andrade-Williams*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Sanchez has failed to establish that counsel committed any error that was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment or that defendant's defense was prejudiced, as required by *Strickland-Hill*.  In particular, Sanchez has failed to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   The negotiated plea agreement was favorable to Sanchez in that he was sentenced to five years' imprisonment instead of more than thirty-two years, as may have been the case after a trial and conviction on the other two charges in the information and the subsequent assault and battery charge.  Sanchez is not entitled to relief on his first ground.

Ground 2:  Fraud/Failure to Disclose.

Because Sanchez did not raise this ground at any point in the state court proceedings, Respondent contends that this issue is unexhausted.  A habeas petitioner must first exhaust remedies available in state court before bringing a petition for habeas relief in a federal court.[31] "A petitioner satisfies the fair presentation aspect of the exhaustion requirement by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it."[32]  In this case, Sanchez has clearly failed to exhaust his available state court remedies.  The Court, however, need not rely on this basis as it may deny the petition on the merits notwithstanding the lack of exhaustion of state court remedies.[33]

---

[30] 28 U.S.C. § 2254(d).

[31] 28 U.S.C. § 2254(b)(1).

[32] *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005).

[33] 28 U.S.C. § 2254(b)(2).

Sanchez simply alleges, without elaboration or further discussion, that "[a]t no time was defendant given full disclosure of documents, exhibits [*sic*] testimony, statements, case folder." There is no indication in the amended petition of what these may have consisted of or how the lack of this information affected the voluntary nature of his plea. By entering a plea, Sanchez foreclosed any further proceedings in the case, including any obligation of the prosecution to turn over exculpatory information under *Brady*,[34] or other material under the New York *Rosario* rule.[35] In short, Sanchez has failed to make any showing whatsoever that the failure to make full disclosure violated any constitutional right or how it affected the voluntariness of his plea. Sanchez is not entitled to relief under his second ground.

## V. CONCLUSION AND ORDER

Sanchez is not entitled to relief on either of the grounds raised in his amended petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[36] To the extent the issues raised in the petition were addressed by the Ulster County Court, no reasonable jurist could find that the decision was "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[37]

The Clerk of the Court is to enter final judgment accordingly.

Dated:  June 9 , 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[34] *Brady v. Maryland*, 373 U.S. 83 (1963).

[35] *People v. Rosario*, 173 N.E.2d 881 (N.Y. 1961).

[36] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[37] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.